The opinion of the Court, was delivered by
Ryerson, J.
The conflicts of interest, and the ingenuity of *236 counsel, are constantly running new distinctions, and presenting new questions for the consideration of this Court. It has- already been determined, that advocate’s fees, m nomine, are not recoverable at law, in this state. Shaver v. Norris, Penn. Rep. 663; Seeley v. Crane, 3 Green R. 35. In this cause, we are called on to decide, whether services rendered in the character of an attorney, in the Court for the trial of small causes, are recoverable. Without touching that question, we may, and must reverse this judgment; for, at least owe item in the plaintiff’s demand, is actionable. But as the question, above referred to, is fairly before us, and being stated, must sooner or later, (perhaps in this very cause,) be decided, it may as well be disposed of at once. It seems necessary, in order to direct the Court below, on the very question, which led to this Certiorari.
I am reluctant to open the door to new subjects of litigation; and in feeling, opposed to the plaintiff’s claim. I fear that sustaining an action therefor, will much increase the demands of a similar character; and perhaps give a new stimulus to litigation in the Justice’s Court. But this matter is to be settled on principle. In principle then, it is lawful, for a man to conduct and transact all his business by agent or servant. His law-suits, even in a Justice’s Court, form no exception. Every servant or agent, is entitled to a reasonable remuneration for the time, care and labour bestowed upon the business of another; and so entitled that his claim may be enforced in a Court of Justice. I know of no exception, but the case of the advocate, or counsel, resting on its own peculiar reasons. It is not intended to say whether the case of a physician does or does not form an exception. But the remuneration allowable in'this, case, is not for learning, talent or ingenuity. Our law does not suppose these necessary, to conduct the business of a Justice’s Court. And remuneration may be recovered, only for services, strictly analogous to the duties of an attorney at law, in the higher Courts. Such are drawing accounts, or statements of demand; atténding the Court on the return of process, adjourn day, or trial day, in lieu of the party himself; collecting evidence, or whatever else may be necessary to prepare the cause for trial, and- present it duly to the Court. But this does not include speaking to a' cause in Court, or advocating, (liowever learnedly, or *237 eloquently,) the one side or the other. The distinction between the duties of an advocate and attorney, (though frequently, in our state, discharged by the same person, and therefore often confounded by the community,) is well known, in law.
Let the judgment of the Court below, be reversed, and the cause sent back, for trial, according to law.
Hornblower, C. J. and Ford, J. concurred in the reversal. Judgment reversed, and cause sent bach for re-trial.